```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                         Norfolk Division
```

**KEITH M. WALTON, #301297,**

        Petitioner,

v.                                                               2:08CV62

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On August 28, 2001, in the Circuit Court for the City of Norfolk, Virginia, petitioner was convicted of robbery and use of a firearm in the commission of a felony, and was sentenced to seventeen years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on January 31, 2002, the appeal was refused by a single judge, and on April 12, 2002, the decision was upheld by a three-judge panel. On August 12, 2002, the Supreme Court of Virginia refused petitioner's second-tier appeal.

On September 6, 2002, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which refused the petition on March 28, 2003. Thereafter, petitioner filed four habeas petitions in the Norfolk Circuit Court: The first was dismissed on

August 14, 2003, as an abuse of the writ pursuant to section 8.01-654(B)(2), of the Virginia Code; the second was dismissed on February 26, 2003, also as an abuse of the writ; the third was dismissed on March 8, 2006, as time-barred and as an abuse of the writ; and the fifth was dismissed on June 13, 2007, as time-barred and as an abuse of the writ.

On January 28, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on February 25, 2008, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Ineffective assistance of counsel because counsel failed to:

   a. properly investigate the circumstances surrounding the case;

   b. properly interview prospective defense witnesses;

   c. evaluate or acknowledge discrepancies and inconsistent testimonies by certain prosecution witnesses;

   d. attack the credibility of the victim, who had reason to falsity his testimony;

   e. file proper motions after petitioner's trial;

2. The evidence was insufficient to support petitioner's convictions;

3. The victim was not credible because he had a prior criminal history and had reason to falsify his statements; and

4. The Commonwealth's evidence was conflicting and inconsistent.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of

3

>the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

>(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>(A) the applicant has exhausted the remedies available in the courts of the State; or
>
>(B)(i) there is an absence of available State corrective process; or
>
>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

>    . . . .
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### C. The Petition is Barred by the Statute of Limitations.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

5

>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation. See id. § 2244(d)(2).

In this case, the Supreme Court of Virginia refused petitioner's second-tier appeal of his convictions on August 12, 2002. On September 6, 2002, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia. A petitioner is entitled to exclude the time during which a "properly filed application for state post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2). Accordingly, petitioner's federal statute of limitations was tolled during the time within which the state petition was pending. On March 28, 2003, the Supreme Court refused the petition, and at that point, petitioner's federal time began to run.

Instead of filing a federal habeas petition after the dismissal of the habeas petition by the Supreme Court, petitioner filed four habeas petitions in the Norfolk Circuit Court.[1] However, the

---

[1] Petitioner did not appeal the dismissal of either petition to the Supreme Court of Virginia.

6

petitions did not toll the federal statute of limitations since they were all dismissed as either abusive petitions or time-barred and, thus, were not properly filed. Since the petitions did not toll the federal time, petitioner had until March 28, 2004, to file his federal habeas petition. Unfortunately, for petitioner, he chose not do so until January 28, 2008, almost four years beyond the expiration of the federal statute of limitations.

Having found that petitioner's federal habeas petition is time-barred, the Court must next determine whether to invoke the doctrine of equitable tolling to excuse petitioner for not filing within the limitation period. In applying the AEDPA, the Fourth Circuit and elsewhere have concluded that the time limitation codified in § 2244(d) is analogous to a statute of limitations rather than a jurisdictional bar. See Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 317-72 (4th Cir. 1998). Thus, under the appropriate circumstances, the judicial doctrine of equitable tolling may be invoked by petitioners whose claims are time barred by § 2244(d). See Harris, 209 F.3d at 329-30. Equitable tolling was developed to overcome injustices that may occur under a strict application of a statute of limitations. It is a "discretionary doctrine that turns on the facts and circumstances of a particular case [and] equitable tolling does not lend itself to bright-line rules." Id. at 330. In general, the doctrine of equitable tolling is available only under two circumstances: (1) where a plaintiff is prevented from asserting his claims by egregiously wrongful conduct on the part of the defendant, and (2) where extraordinary circumstances beyond plaintiff's control made filing impossible. Id. However, in applying equitable tolling specifically to § 2244(d), the Fourth Circuit has cautioned that the doctrine "must be

7

reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against a party and gross injustice would result." Id.

Petitioner asserts his federal habeas petition was untimely because he was attempting to comply with the exhaustion requirements of 28 U.S.C. § 2254, before filing his federal petition. However, petitioner ignores the fact that the exhaustion requirement does not serve as a time-bar to federal relief. Rather, the AEDPA's exhaustion requirement works together with the tolling provision to provide relief.

Petitioner's reason for his untimely petition does not meet the circumstances outlined in Harris, where equitable tolling is available. Petitioner was not prevented from asserting his claims by egregiously wrongful conduct by the respondent, nor has petitioner shown some extraordinary circumstances beyond his control which made timely filing impossible. See Harris, 209 F.3d at 330.

Further, equitable tolling is improper in this case because of the length of time that elapsed before the federal petition was filed. "A court considering equitable tolling should consider the length of a petitioner's delay, to ensure adequate attention to the possibility of prejudice to the State, in the case of lengthy delays. . . ." Rouse v. Lee, 314 F.3d 698, 705 (4th Cir. 2003). Petitioner ignores the fact that this is not a situation where the federal habeas petition was merely days or even weeks late. In fact, petitioner was almost four years beyond the limitations period when he filed the present petition. Because petitioner has failed to present a sufficient basis for equitable tolling, the Court declines to equitably toll the limitations period. The petition is time-barred and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                /s/
                               **James E. Bradberry**
                               **United States Magistrate Judge**

**Norfolk, Virginia**

**July 22, 2008**

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

    Keith M. Walton, #301297, pro se
    Southampton Correctional Center
    14545 Old Belfield Rd.
    Capron, VA  23829

    Robert H. Anderson, III, Esq.
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

                                 Fernando Galindo, Clerk

                              By _____
                                     Deputy Clerk

                          _____, 2008